Eugene G. Iredale: SBN 75292
email: egiredale@iredalelaw.com
Julia Yoo: SBN 231163
email: jyoo@iredalelaw.com
**IREDALE & YOO, APC**
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
(619) 233-1525
(619) 233-3221 Fax

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JOEL REYES MUNOZ by its successor in interest LETICIA DURAN MARTINEZ; LETICIA DURAN MARTINEZ, in her own right; BRIAN JOEL REYES DURAN; and A.Y.R.D., a minor, by his mother and guardian, LETICIA DURAN MARTINEZ<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, and DOES 1 – 10, inclusive,<br><br>Defendants. | CASE NO.: **'23CV1422 JES SBC**<br><br>1) Negligence (Federal Tort Claims Act)<br>2) Bane Act (Civ. Code § 52.1) (Federal Tort Claims Act)<br>3) Wrongful Death (Federal Tort Claims Act) |

COME NOW Plaintiffs Leticia Duran Martinez, as an individual in her own right and as the successor in interest to the Estate of Joel Reyes Munoz, Brian Joel Reyes Duran and A.Y.R.D., a minor by his mother and guardian Leticia Duran Martinez, through their attorneys of record, Iredale and Yoo, APC, and allege and complain as follows:

## INTRODUCTION

Joel Reyes Munoz was 38 years old when he died in the custody of U.S. Border Patrol on January 12, 2022, near the Otay Mesa Port of Entry. Mr. Reyes Munoz was undocumented. He had fallen from the high border barrier between Mexico and the United States, and had sustained obvious and significant blunt force injuries. Border Patrol agents arrested him just north of the fence. He was then transported to the Port of Entry. Although it was obvious that he had sustained serious injuries and was manifestly in need of immediate emergency medical care, Border Patrol and CBP officials refused to bring him to an emergency hospital facility. Only when Mr. Reyes Munoz became unconscious and stopped breathing did any government official summon emergency medical services. By that time, Mr. Reyes Munoz, because of the delay, had already died.

His widow and his children bring this action for his wrongful death.

## I.
## GENERAL ALLEGATIONS

1. This cause is brought under the Federal Tort Claims Act (FTCA) and California state law to redress the violation of the Plaintiffs' rights.

2. Jurisdiction is based upon 28 U.S.C. §1331 and 28 U.S.C. § 1346(b).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of California because the acts or omissions which form the basis of Plaintiffs' claims occurred in San Diego County, California.

4. Plaintiffs timely filed FTCA claims on or about September 14, 2022 and complied with the claims procedure as required under 28 U.S.C. § 2675.

5. Plaintiffs received a rejection of their claims dated April 10, 2023.

6. Plaintiffs have exhausted all administrative remedies and the current action is timely filed within the statute of limitations.

## II.
## PARTIES

7. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same by reference as if fully set forth herein.

8. Leticia Duran Martinez is the widow of decedent Joel Reyes Munoz. (See attached Declaration of Leticia Duran Martinez, incorporated herein by reference). They have two sons. Brian Joel Reyes Duran, age 18, and A.Y.R.D., age 17. Leticia Duran Martinez brings this action as the successor in interest to the Estate of decedent, and on behalf as the mother and guardian <u>ad litem</u> of A.Y.R.D. Brian Joel Reyes Duran files suit as an individual.

9. At all times relevant to this complaint, the Department of Homeland Security was an agency of defendant United States of America, and was operating the U.S. Border Patrol and the U.S. Customs and Border Protection Agency in San Diego County, California. It employed Doe Defendants 1-10 who were acting within the scope of their employment.

10. At all times relevant to this complaint, Does 1-10 were federal United States Border Patrol agents, officers, officials, and/or other agents of U.S. Customs and Border Protection employed by the United States of America under the Department of Homeland Security. Doe Defendants arrested decedent, held him in custody, witnessed his injuries and medical condition, and negligently and with deliberate indifference failed to render or summon medical assistance until decedent died.

11. At all times relevant hereto, these defendants were acting in their professional capacity within the course and scope of their agency and/or employment, and/or were the agents, servants and employees of each other and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer.

12. Plaintiffs are truly ignorant of the true names and capacities of Does, and/or is truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities as well as the facts giving rise to their liability have been ascertained.

13. At the time of Joel Reyes' death, Leticia Duran Martinez was married to him. Brian Joel Reyes Duran, age 18, is their son. A.Y.R.D. is their minor son, age 17. Leticia Duran Martinez maintains this suit on behalf of A.Y.R.D. as his mother and guardian.

14. Joel Reyes Munoz died intestate.

15. As his surviving spouse, Leticia Duran Martinez is the heir and beneficiary to the Estate of Joel Reyes Munoz. For these reasons, Leticia Duran Martinez is the successor in interest to decedent, and prosecutes this case on behalf of the Estate. No proceeding for the administration of the Estate is pending.

16. As the successor in interest, Leticia Duran Martinez succeeds to the decedent's interests, claims and causes of action.

17. No other person has a superior right to commence this action.

### III.
### FACTS

18. In 2019, the U.S. government increased the height of the border barriers (often called border "fences" or "walls") in the Otay Mesa area from between 8 to 17 feet, to a height of 30 feet. Consequently in the years 2021 and

2022 there was an unprecedented increase in the number of falls from border barriers in San Diego and Imperial Counties.

19. The American Medical Association Surgery Journal has published a study regarding the effects of this action. The study shows that the University of San Diego Trauma Center, which treats patients with border fall injuries, has seen a five-fold increase in the number of people admitted with such injuries. The number of such cases between 2016 and 2018 was 67. Between 2019 and 2021 this number of border wall injuries increased to 375. According to the data from the San Diego County Medical Examiner, the number of deaths increased from zero deaths in 2016-2018 to sixteen deaths in 2019-2021.

20. The death of Joel Reyes Munoz on January 12, 2022 occurred after this unprecedented increase in the numbers of injuries and deaths had become apparent and was well known to U.S. Border Patrol and CBP. The Border Patrol and CBP defendants Does 1-10 were aware of the prevalence of border wall injuries and deaths due to the increased height of the barriers. In this case, at the time of the initial apprehension of the Plaintiff, it was apparent to Doe defendants that he had fallen, that he was injured, and that his condition was grave.

21. Instead of summoning immediate emergency medical care, which would have saved Mr. Reyes Munoz' life, Does 1-10, who arrested him and transported him to the Otay Mesa Port of Entry and held him in custody there failed to take reasonable steps to obtain medical care at the Otay Mesa P.O.E. CBP and Border Patrol officials, including Does 1-10, despite the obvious need for immediate medical care, failed to seek emergency treatment, until after decedent lost consciousness and stopped breathing. Doe defendants' own delayed efforts at CPR and resuscitation were untimely and negligently performed. This needless and callous delay caused Mr. Reyes' death.

/ / /
/ / /

# FIRST CAUSE OF ACTION

## NEGLIGENCE (FTCA)

**(By the Estate against DEFENDANT UNITED STATES OF AMERICA)**

22. Plaintiffs reallege all prior paragraphs of this complaint and incorporates the same by reference as if fully set forth herein.

23. Because he was in the custody of Does 1-10, Mr. Reyes was unable to seek medical care on his own. The duty to provide reasonable care and to ensure Mr. Reyes' survival was that of Does 1-10, who had, by depriving him of the ability to seek aid, legally assumed the obligation to render such reasonable care.

24. Defendants Does 1-10 had a duty to Mr. Joel Reyes Munoz to act with care and prudence so as not to cause harm or injury to him. It was obvious to Doe Defendants that Mr. Reyes was gravely injured and in need of immediate medical care.

25. Defendant Does 1-10's actions fell below the standard of care and breached their duty of care to decedent.

26. Does 1-10 failed to properly initiate proper lifesaving measures when they had the opportunity to do so, and failed to competently and timely render aid.

27. As a direct and proximate result of Defendants negligent conduct as described herein, Mr. Joel Reyes Munoz suffered injuries in an amount to be determined by proof at the time of trial, and died.

28. Defendant the United States of America is liable for the conduct of Does 1 - 10 under the Federal Tort Claims Act.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

## BANE ACT, Cal. Civ. Code § 52.1 (FTCA)

### (By the Estate against DEFENDANT UNITED STATES OF AMERICA)

29. Plaintiffs reallege all prior paragraphs of this complaint and incorporates the same by reference as if fully set forth herein.

30. The California Legislature declared that it violates the state civil rights act for any person to interfere with the exercise or enjoyment by an individual of his rights. The Bane Act prohibits the deliberately indifferent failure or refusal to render medical and/or care for a serious medical need.

31. Does 1-10, while holding decedent in custody, acted at minimum, with deliberate indifference in denying him necessary medical care until he was already dead.

32. This interference with Mr. Reyes Munoz' rights was perpetrated in violation of California Civil Code § 52.1, and Mr. Reyes Munoz' right to bodily integrity and to be free from harm imposed by deliberately indifferent failure or refusal to render aid under the California Constitution and laws.

33. Defendants acted with reckless indifference and coercion in their denial of medical care. They knew that Mr. Reyes, who was in their custody, could not seek emergency medical care when they intentionally chose to deny him any medical care.

34. Defendant the United States of America is liable for the conduct of Does 1-10 under the Federal Torts Claim Act.

35. Plaintiff is also entitled to the statutory civil penalties set forth in California Civil Code § 52.1, attorney's fees and costs of the suit incurred herein.

/ / /

/ / /

/ / /

/ / /

### THIRD CAUSE OF ACTION

### Wrongful Death: CCP 337.60 (FTCA)

**(By Plaintiffs Leticia Duran Martinez, Brian Joel Reyes Duran, and A.Y.R.D. against Defendant United States of America)**

36. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same by reference as if fully set forth herein.

37. The wrongful conduct of Does 1-10 as alleged in this complaint wrongfully caused the death of Joel Reyes Munoz.

38. Defendant the United States of America is liable for the conduct of Does 1-10 under the Federal Torts Claim Act.

### PRAYER FOR RELIEF

Plaintiffs pray for judgment as follows:

1) For compensatory general and special damages in an amount in accordance with proof.
2) For reasonable costs of suit as permitted by law.
3) For any other relief that is just and proper.

DATED: August 3, 2023        Respectfully submitted,

**IREDALE AND YOO, APC**

*/s/ Eugene Iredale*
**EUGENE G. IREDALE**
**JULIA YOO**
Attorneys for Plaintiffs