TARA K. McGRATH
United States Attorney
ERNEST CORDERO, JR.
Assistant U.S. Attorney
California Bar No. 131865
ERIN M. DIMBLEBY
Assistant U.S. Attorney
California Bar No. 323359
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-7478/6987
Fax: (619) 546-7751
Email: ernest.cordero@usdoj.gov
Email: erin.dimbleby@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF JOEL REYES MUNOZ by and through its successor in interest LETICIA DURAN MARTINEZ; LETICIA DURAN MARTINEZ, in her own right; BRIAN JOEL REYES DURAN; and A.Y.R.D., a minor, by his mother and guardian, LETICIA DURAN MARTINEZ, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: 23-cv-1422-JES-SBC <br><br> **UNITED STATES OF AMERICA'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE THE COMPLAINT** <br><br> Date:  December 13, 2023 <br> Time:  9:00 a.m. <br> Judge: Hon. James E. Simmons |

## MOTION

Pursuant to Federal Rules of Civil Procedure 12(b)(1) an 12(b)(6), the United States moves to dismiss the second cause of action of Plaintiffs' Complaint. The Court lacks subject matter jurisdiction to hear the claim, brought under California's Bane Act, insofar

as it is premised on alleged federal or state constitutional violations. Plaintiffs also fail to properly plead the elements of the claim. The United States also moves for an order dismissing or, in the alternative, striking, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(f), Plaintiffs' demand for attorneys' fees. This motion is based on the following Memorandum of Points and Authorities, as well as all pleadings and filings in this action, and upon any such other matters or argument that the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs are the surviving wife and children of Joel Reyes Munoz (Decedent), who died from injuries he suffered as a result of a fall near the Otay Mesa Port of Entry. In addition to other claims, Plaintiffs assert a cause of action under the Bane Act. That claim, however, is based on alleged constitutional violations and fails to allege specific rights underpinning the claim. As the United States has not waived sovereign immunity for damages claims arising out of federal or state constitutional violations, the claim is not viable. Plaintiffs' pleading of the claim is also deficient. Accordingly, their Bane Act claim should be dismissed for lack of subject matter jurisdiction and failure to state a claim. Furthermore, there has been no waiver of sovereign immunity permitting the recovery of attorneys' fees under the Federal Tort Claims Act (FTCA). Accordingly, any demand for attorneys' fees must be dismissed or stricken based on a lack of subject matter jurisdiction.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

On September 5, 2023, Plaintiffs filed their Complaint, alleging three claims against the United States: (1) negligence; (2) violation of California Civil Code § 52.1 (the Bane Act); and (3) wrongful death. All three state law claims are brought against the United States under the FTCA. Plaintiffs allege that Defendant failed to sufficiently render or provide medical care to Decedent after he fell from the border barrier near the Otay Mesa Port of Entry. ECF No. 1 at 2.

///

///

## III. LEGAL STANDARDS

### A. Rule 12(b)(1): Lack of Subject Matter Jurisdiction

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction. *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3).

### B. Rule 12(b)(6): Failure to State a Claim

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While allegations of material fact are taken as true and construed in the light most favorable to the non-moving party, the court need not accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact, or unreasonable inferences. *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### C. Rule 12(f): Motion to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a

pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Sidney-Vinson v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1993).

## IV.   ARGUMENT

### A.   Plaintiffs' Bane Act Claim Cannot Be Based On Federal Or State Constitutional Violations And Otherwise Fails To State A Claim

Within their Bane Act claim, Plaintiffs allege that Defendant violated Decedent's rights by failing to provide or seek medical care. Specifically, Plaintiffs allege "[t]his interference with Mr. Reyes Munoz' rights was perpetrated in violation of California Civil Code § 52.1, and Mr. Reyes Munoz' right to bodily integrity and to be free from harm imposed by deliberately indifferent failure or refusal to render aid under the California Constitution and laws." ECF No. 1 ¶ 32. As alleged, the claim lacks subject matter jurisdiction and fails to state a claim upon which relief may be granted.

The United States may not be sued without its consent, and in the absence of such consent, the court lacks jurisdiction over claims brought against the United States. *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011). "Sovereign immunity is jurisdictional in nature," so there is no subject matter jurisdiction unless sovereign immunity has been waived. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The right to sue the United States can be acquired only by specific consent of Congress; and the terms of such consent narrowly define a district court's jurisdiction to entertain suit on any given matter. *Meyer*, 510 U.S. at 475-76; *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941). Before the Court may exercise jurisdiction over any suit against the government, plaintiff must set forth "a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (citations omitted); *see also United States v. Park Place Assocs., Ltd.,* 563 F.3d 907, 923-24 (9th Cir. 2009) (discussing the relationship between sovereign immunity

and subject matter jurisdiction). The government's waiver of sovereign immunity cannot be implied, but "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Enacted to address hate crimes, the Bane Act protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out by "threats, intimidation or coercion." *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018) (citing *Venegas v. Cty. of Los Angeles*, 153 Cal. App. 4th 1230 (2007)). As a general matter, a Bane Act claim may be asserted under the FTCA. *See, e.g.*, *Lu v. Powell*, 621 F.3d 944, 950 (9th Cir. 2010). However, a Bane Act claim cannot be premised on violations of the U.S. Constitution because the United States has not waived its sovereign immunity with respect to constitutional torts. *See Meyer*, 510 U.S. at 478 ("the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims"). The Ninth Circuit has explained that the FTCA's waiver of sovereign immunity does not extend to Bane Act claims deriving from constitutional violations. *See Lewis v. Mossbrooks*, 788 Fed. App'x 455, 460 (9th Cir. 2019).

Here, Plaintiffs explicitly reference a violation of the California Constitution in support of their Bane Act claim; but the rights allegedly violated overlap with those of the United States Constitution. To the extent Plaintiffs' Bane Act is premised on state constitutional violations, it should be dismissed for lack of subject matter jurisdiction. The United States' waiver of sovereign immunity under the FTCA does not allow such actions, and "creating a waiver of sovereign immunity against the United States for state constitutional claims disregards the purpose of the FTCA." *Agro Dynamics, LLC v. United States*, No. 20-cv-2082-JAH-KSC, 2023 WL 6130813, at *11-12 (S.D. Cal. Sept. 19, 2023). "Permitting a plaintiff to sue the United States for a violation of a state constitutional provision, rather than a federal constitutional provision, would create the same result the statute intended to prevent – holding the United States liable for a constitutional tort." *Blanchard v. County of Los Angeles*, No. 19-cv-02438 JVS (DFM), 2022 WL 17081308, at

*3 (C.D. Cal. Aug. 25, 2022); *see F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012) ("[A] waiver of sovereign immunity must be 'unequivocally expressed' in statutory text."). "Thus, even for violations of state law and the State Constitution, [the Bane Act] cannot be the basis of an FTCA claim, which only subjects the United States to liability of a 'private person.'" *Villarruel v. United States*, No. 16-CV-2885-CAB-BGS, 2017 WL 2733930, at *10 (S.D. Cal. June 26, 2017) (citing *Meyer*, 510 U.S. at 475). Because private citizens cannot be liable for state constitutional violations, nor can the United States under the FTCA.

Additionally, to the extent Plaintiffs' Bane Act claim is premised on allegations that would constitute violations of the United States Constitution, if true, the claim should be dismissed for lack of subject matter jurisdiction. *See Agro Dynamics*, 2023 WL 6130813, at *11-12 (granting motion to dismiss as to Bane Act claims premised on federal and state constitutional violations); *Estate of Mejia v. United States*, No. 20-cv-2454-L-KSC, 2022 WL 3084587, at *4 (S.D. Cal. Aug. 3, 2022) (granting motion to dismiss as to Bane Act claims premised on federal constitutional violations); *Blanchard*, 2022 WL 17081308, at *2-4 (granting motion to dismiss as to Bane Act claims premised on federal and state constitutional violations); *Reyes v. United States*, No. 20-cv-01752-WQH-LL, 2021 WL 615045, at *5 (S.D. Cal. Feb. 16, 2021) ("Plaintiff cannot maintain a Bane Act claim pursuant to the FTCA that is premised on federal constitutional violations."); *Peralta v. United States*, 475 F. Supp. 3d 1086, 1097 (C.D. Cal. 2020) (granting motion to dismiss as to Bane Act claims premised on federal constitutional violations); *Mendoza v. United States*, No. 15cv1528-JAH(BGS), 2017 WL 4286907, at *7 (S.D. Cal. Sept. 27, 2017) (granting motion to dismiss Bane Act claims premised upon violations of the United States Constitution); *Reynoso v. Prater*, No. 13CV0718 AJB (RBB), 2013 WL 5937223, at *4 (S.D. Cal. Nov. 4, 2013) (finding Bane Act claim brought under the FTCA cannot be based on a violation of the United States Constitution). Accordingly, Defendant respectfully requests that the Court dismiss Plaintiffs' Bane Act claim for lack of subject matter jurisdiction.

Even if Plaintiffs could base their Bane Act claim on alleged violations of federal and

state constitutions—something they cannot do—they still fail to state a claim under the Bane Act. To prevail under the Bane Act, a plaintiff "must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015). California courts have found this showing requires a threatening, intimidating, or coercive act *separate and distinct* from the act that deprived the plaintiff of his or her federal or state rights. *See, e.g.*, *Bender v. Cnty. of Los Angeles*, 217 Cal. App. 4th 968, 979 (2013) ("The statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself."); *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1196 (9th Cir. 2015) ("Numerous California decisions make clear that a plaintiff in a search-and-seizure case must allege threats or coercion beyond the coercion inherent in a detention or search in order to recover under the Bane Act."); *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 959 (2012) ("[W]here coercion is inherent in the constitutional violation alleged . . . [t]he statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself."). Plaintiffs allege that failing to provide Decedent with medical care violated his constitutional rights and that in "intentionally" refusing to provide aid Defendant "acted with reckless indifference and coercion." ECF No. 1 ¶ 33. These conclusory allegations, which do not show coercion separate and apart from the coercion inherent in the alleged constitutional violation, are insufficient to state a claim for which relief can be granted. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (noting dismissal under Rule 12(b)(6) is appropriate when the complaint lacks sufficient facts to support a cognizable legal theory).

    **B.    Plaintiffs' Request For Attorneys' Fees Should Be Dismissed Or, In The Alternative, Stricken**

Plaintiffs seek attorneys' fees pursuant to their Bane Act claim. ECF No. 1 ¶ 35. But there has been no waiver of sovereign immunity under the FTCA that would permit a recovery of attorneys' fees against the government. *Anderson v. United States*, 127 F.3d

1190, 1191-92 (9th Cir. 1997). This is the rule even when a state statute (such as the Bane Act) permits the recovery of fees. *See id.* Thus, Plaintiffs' request for attorneys' fees made pursuant to their Bane Act claim should be dismissed or stricken. *See Nurse v. United States*, 226 F.3d 996, 1005 (9th Cir. 2000) (striking prayer for attorneys' fees with respect to FTCA claims); *Olivas v. United States*, No. 11cv2606-WQH-WMc, 2013 WL 1183330, at *6 (S.D. Cal. March 21, 2013) (granting motion to dismiss or strike attorneys' fees request on FTCA claims).

## V. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant its motion to dismiss or, in the alternative, to strike.

DATED:  October 20, 2023

Respectfully submitted,

TARA K. McGRATH
United States Attorney

*/s/ Erin M. Dimbleby*
ERIN M. DIMBLEBY
Assistant United States Attorney

*/s/ Ernest Cordero, Jr.*
ERNEST CORDERO, JR.
Assistant United States Attorney

Attorneys for Defendant
United States of America