UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF JOEL REYES MUNOZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No.: 3:23-cv-1422-JES-SBC <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> **[ECF No. 4]** |

Before the Court is Defendant United States of America's ("United States") Motion to Dismiss Plaintiffs' Complaint as to Plaintiffs' Bane Act claim under the Federal Tort Claims Act ("FTCA"). Plaintiffs have filed an opposition. The United States filed a reply. The United States moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set out below, the Court **GRANTS** the motion and dismisses Plaintiffs' Bane Act claim against the United States due to lack of subject matter jurisdiction. The Court additionally strikes Plaintiffs' demands for attorney's fees.

### I.  BACKGROUND

Joel Reyes Munoz ("Decedent"), an undocumented individual, died after falling from the high border barrier between Mexico and the United States. Compl. at 2. He fell

from the high border barrier and sustained significant blunt force injuries. *Id.* Shortly after his fall, Border Patrol agents arrested Decedent and Plaintiffs allege that agents witnessed his injuries and medical condition, and negligently and with deliberate indifference failed to render or summon medical assistance. Compl. ¶ 10. Plaintiffs further allege that agents held decedent in custody and failed to take reasonable steps to obtain medical care despite the obvious need for immediate medical care and failed to seek emergency treatment, until after decedent lost consciousness and stopped breathing. Compl. ¶ 21. Plaintiffs filed a complaint alleging three causes of action: negligence, violation of the Bane Act and wrongful death. Defendants motion tests the sufficiency of the Bane Act cause of action only.

## II.   LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a dismissal of an action when a plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. Pro. 12(b)(1). A Rule 12(b)(1) jurisdictional attack may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Id.* By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.* In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Id.* Once the moving party converts the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Id.* The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

/ / /

### B. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

### III.   LEGAL ANALYSIS

#### A. Bane Act

The United States moves to dismiss the second cause of action in Plaintiffs' complaint arguing the Court lacks subject matter jurisdiction to hear the claim brought under California's Bane Act, insofar as it is premised on alleged federal or state constitutional violations. The United States also argues that Plaintiffs fail to properly

plead the elements of the claim. Further, the United States moves for an order dismissing or, in the alternative, striking, Plaintiffs' demand for attorney's fees pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(f).

Plaintiffs contend that their Bane Act claim asserted under the FTCA is based on a violation of the California Constitution, specifically Mr. Reyes Munoz' "rights to bodily integrity and to be free from harm imposed by deliberately indifferent failure or refusal to render aid." Compl. ¶ 32.

The Bane Act provides a right to relief when someone "interferes by threats, intimidation, or coercion … with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]." Cal. Civ. Code § 52.1. To prevail on a Bane Act claim, a plaintiff must therefore prove (1) a violation of a constitutional or statutory right (2) by intimidation, threats or coercion. *Rodriguez v. Cnty. of Los Angeles*, 96 F. Supp. 3d 990, 998 (C.D. Cal. 2014) (citing *Venegas v. Cnty. of Los Angeles,* 153 Cal. App.4th 1230, 1242 (2007)). A Bane Act claim is allowed to proceed as long as the claim relies on a proper constitutional claim. *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009).

Both parties agree that Plaintiff cannot maintain a Bane Act claim pursuant to the FTCA that is premised on federal constitutional violations. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994). The question becomes, whether a state constitutional violation may be the basis of a Bane Act claim against the United States brought under the FTCA? The courts throughout this circuit are split on this question. The United States argues that a Bane Act claim premised on state constitutional violations cannot proceed. Plaintiffs argue that the FTCA permits a Bane Act claim premised on a state constitutional violation.

The Court agrees with the United States' argument. Plaintiffs cannot bring a Bane Act claim against the United States based on a state constitutional violation. Creating a waiver of sovereign immunity against the United States for state constitutional claims

disregards the purpose of the FTCA. *See Agro Dynamics, LLC v. United States*, No. 20-cv-2082-JAH-KSC, 2023 WL 6130813, at *11 (S.D. Cal. Sep. 19, 2023). "Permitting a plaintiff to sue the United States for a violation of a state constitutional provision, rather than a federal constitutional provision, would create the same result the statute intended to prevent – holding the United States liable for a constitutional tort." *Blanchard v. Cnty. Of Los Angeles*, No. 8:19-cv-02438 JVS (DFM), 2022 WL 17081308, at *3 (C.D. Cal. Aug. 25, 2022).

The Supreme Court has stated, because Congress created a limited waiver of sovereign immunity in the FTCA, "the United States simply has not rendered itself liable under section 1346(b) for constitutional torts claims." *Meyer*, 510 U.S. at 478. A claim is actionable under section 1346(b) if it alleges that the United States would be liable as a private person in accordance with the law of the place where the act or omission occurred. *Id.* at 477. Claims for violation of a constitutional right to bodily integrity and to be free from harm imposed by deliberately indifferent failure or refusal to render aid is not a tort that a private individual can commit, so it cannot be the basis of an FTCA suit.

Plaintiff cites several cases to support the reasoning that, if a Bane Act claim is not solely premised upon a federal constitutional violation, it is permissible. *See e.g., Peralta v. United States*, 475 F. Supp.3d 1086, 1098 (C.D. Cal. 2020); *Reyes v. United States*, No. 3:20-cv-01752-WQH-LL, 2021 WL 615045, at *3-4 (S.D. Cal. Feb. 16, 2021); *Escobar Mejia v. United States*, No. 20-cv-2454-L-KSC, 2022 WL 3084587, at *4 (S.D. Cal. Aug. 3, 2022). In reaching that conclusion, these cases primarily rely on *Xue Lu v. Powell*, 621 F.3d 944 (9th Cir. 2010).

In *Xue Lu*, the court found that the plaintiff alleged sufficient facts to state a claim under the Bane Act based on the Defendant's "attempted … interference with the plaintiffs' right to asylum." *Id.* at 950. However, *Xue Lu* did not address the issue of whether a Bane Act claim alleging a violation of the California Constitution may serve as the basis of an FTCA suit against the federal government. *Blanchard*, 2022 WL 17081308, at *2-3. Further, none of the cases cited by Plaintiff examined the statutory

text of the FTCA or explains why it would make sense for Congress to waive the United States' sovereign immunity in a situation where, supposing it were a private litigant, it could not be subject to suit. *Agro Dynamics*, 2023 WL 6130813, at *12. The Court therefore finds *Blanchard* and *Agro Dynamics* persuasive and follows their reasoning.

In their opposition, Plaintiffs allege that their Bane Act claim is also premised on a state statutory basis, California Civil Code § 43. ECF No. 5 at 5-6. However, as the United States correctly points out, the complaint makes no reference to California Civil Code § 43. "The complaint may not be amended by the briefs in opposition to a motion." *Apple Inc. v. Allan & Associates Limited*, 445 F. Supp. 3d 42, 59 (N.D. Cal. 2020) (citation and quotation omitted).

Therefore, the Court **DISMISSES with prejudice** the Bane Act claim in the second cause of action due to lack of subject matter jurisdiction to the extent that it pertains to alleged violations of Plaintiffs' federal or state constitutional rights. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that if a Rule 12(b)(6) motion is granted, a "district court should grant leave to amend ... unless it determines that the pleading could not possibly be cured by the allegation of other facts" such that granting leave would be futile). Since the Court dismissed with prejudice due to lack of subject matter jurisdiction, the Court declines to address the United States' argument that Plaintiffs failed to properly plead the elements of a Bane Act claim.

### B. Motion to Strike Attorney's Fees

The United States argues, and Plaintiffs do not contest, that Plaintiffs' demand for attorney's fees should be stricken because the FTCA does not provide for such remedies. The Court agrees. "The FTCA does not contain an express waiver of sovereign immunity for attorneys' fees," and therefore no wavier should be implied. *Anderson v. United States*, 127 F.3d 1190, 1191 (9th Cir. 1997). Accordingly, Plaintiffs' demand for attorney's fees is stricken.

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss the Bane Act claim **with prejudice** due to lack of subject matter jurisdiction to the extent that it pertains to alleged violations of Plaintiffs' federal or state constitutional rights. Further, the Court **STRIKES** Plaintiffs' demand for attorney's fees.

**IT IS SO ORDERED.**

Dated:  February 13, 2024

_____
Honorable James E. Simmons Jr.
United States District Judge